JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07285-JHN -PLAx | Date | March 1, 2011 |
|---|---|---|---|
| Title | Jaime Medrano et al v. Flagstar Bank, FSB et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER GRANTING DEFENDANT FLAGSTAR AND DEFENDANT STRATEGIC'S MOTIONS TO DISMISS PLAINTIFFS' FEDERAL CAUSES OF ACTION AND REMANDING THE CASE TO LOS ANGELES SUPERIOR COURT  (In Chambers)

**I.      Introduction**

On December 13, 2010, Defendant Flagstar Bank, FBS ("Flagstar") filed a Motion to Dismiss the First and Fifth Claims in Plaintiffs' Second Amended Complaint ("SAC"), or in the alternative, Strike Portions of the SAC ("Flagstar Motion"; docket no. 26).  Flagstar concurrently filed a Request for Judicial Notice ("RJN"). (Docket no. 27.) On December 22, 2010, Plaintiffs filed an Opposition.[1] (Docket no.32.)  On January 18, 2011, Flagstar filed a Reply (docket no. 45).

On January 19, 2011, Defendants Strategic Sales and Marketing Group ("Strategic"), Janis Kim Randazzo and Jane Fowler Kelleher (collectively, the "Strategic Defendants") filed a Motion to Dismiss the Second, Third, and Fourth Claims of the SAC. (Docket no. 48.)  Strategic also filed a Motion to Strike Portions of the SAC. (Docket no. 52.)  Plaintiffs filed an Opposition on February 5, 2011 (docket no. 57.)  Strategic filed a Reply on February 18, 2011. (Docket no. 66.)

On December 20, 2010, Defendant Stratham Montecito West ("Stratham") filed a Motion to Dismiss

---

[1]  Plaintiffs failed to file a timely opposition to the Flagstar Motion.  Under Local Rule 7-9, Plaintiffs were required to file an opposition no later than twenty-one (21) days before the date set for hearing, i.e., by December 20, 2010. Failure to do so may be deemed consent to the granting of the motion. *See* Local Rule 7-12.  On December 21, 2010, the Court ordered Plaintiffs to show cause why their failure to file an opposition should not be deemed consent to the granting of the motion, with prejudice, or in the alternative, Plaintiffs were ordered to file an opposition no later than January 10, 2011. (Docket no. 31).  Flagstar was ordered to file a reply, if any, on or by January 18, 2011. (*Id.*)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07285-JHN -PLAx | Date | March 1, 2011 |
|---|---|---|---|
| Title | Jaime Medrano et al v. Flagstar Bank, FSB et al | | |

("Motion"; docket no. 30) the Fourth Claim in the SAC.[2] On December 24, 2010, Plaintiffs filed an Opposition. (Docket no. 34.) On February 17, 2011, Stratham filed a Reply (docket no. 64).

The Court has read and considered the briefs and deems these motions appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. **Accordingly, the hearing set for March 7, 2011, is removed from the Court's calendar.**

**II.     Factual Background**

The following facts are taken from Plaintiffs' SAC and are deemed true for purposes of this motion.

Plaintiffs are Jaime and Maribel Medrano, a married couple. Plaintiff Jaime Medrano ("Jaime") purchased a residence in Los Angeles County in July 2009 for $251,936 from Stratham. Defendant Jane Fowler Kelleher ("Kelleher"), acting as the seller's agent, negotiated the purchase agreement. Plaintiffs claim that they were "induced" to enter into the transaction by Stratham, Strategic, Exodus Financial Corporation ("Exodus"), Fernando Cordero, Dora Senaida Cordero, and Kelleher (collectively, "the Originating Defendants"). Plaintiffs are monolingual Spanish speakers and claim that they did not understand the significance of any of the legal terms in the federal loan documents.

Plaintiffs were not informed that Exodus (Plaintiff's broker) received a commission of $7,558.08 at the close of the loan transaction. Furthermore, as part of the negotiation, Kelleher represented to Jaime that he would receive a $5,000 credit against closing costs, but she did not explain what closing costs meant. Plaintiffs were not informed that the $5,000 credit which Kelleher represented would be paid to lender Defendant Protofund Mortgage Corporation ("Protofund") in undisclosed fees.[3] Plaintiffs were not informed that these fees were paid to Exodus or Protofund until Strategic delivered a copy of the HUD Closing Statement on September 8, 2010, in response to Plaintiffs' demand for reimbursement of the $5,000 promised to Jaime at the time of closing.

Plaintiffs believe that Janis Kim Randazzo, as the managing officer of Strategic, and Fernando Cordero, as the managing officer of Exodus, are individually liable for all acts and omissions of the brokers during the transaction.

Plaintiffs believe that the Originating Defendants either willfully, negligently, or recklessly induced and

---

[2] Because the Court only addresses Plaintiffs' alleged federal causes of action in this Order, it declines to rule on the Stratham motion to dismiss and Strategic's motion to strike (docket nos. 30, 52, respectively).

[3] On February 17, default was entered as to Protofund. (Docket no. 63.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07285-JHN -PLAx | Date | March 1, 2011 |
|---|---|---|---|
| Title | Jaime Medrano et al v. Flagstar Bank, FSB et al | | |

encouraged Plaintiffs to enter into the loan transaction without: (1) explaining the legal consequences of holding title in Jaime's name only; (2) making an accurate determination of the actual amount which would be required to assure payment of taxes and insurance on the residence; and (3) explaining the manner in which the $5,000 credit would be applied to closing costs.

### III.   Procedural History

The instant lawsuit was originally filed in California Superior Court, and Plaintiffs' First Amended Complaint ("FAC"), which alleged claims only against Flagstar, was removed to federal court on September 29, 2010 (docket no.1).  On November 3, 2010, this Court granted Flagstar's motion to dismiss the FAC. (Docket no. 19.)

On November 29, 2010, Plaintiffs filed the operative Second Amended Complaint ("SAC") against all defendants.  (Docket no. 24.)  The SAC alleges five causes of action: (1) declaratory relief under 28 U.S.C. § 2201; (2) violations of the Real Estate Settlement and Practices Act ("RESPA"),12 U.S.C. § 2607(d)(2);  (3) breach of fiduciary duty; (4) fraudulent inducement; and (5) violations of California Civil Code § 2954.1.

### IV.   Judicial Notice

Flagstar requests judicial notice for the following categories of exhibits: (1) recorded documents on the subject residence; (2) materials from the Los Angeles County property tax website; and (3) pleadings. (RJN 1–5.)

Generally, on a motion to dismiss, a district court may not consider materials outside the pleadings.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  An exception exists for documents on which the complaint necessarily relies, provided the authenticity is not contested. *Id.*  A second exception exists for "matters of public record" under Federal Rule of Evidence 201. *Id.* at 688–89.

The Court finds that the Grant Deed conveying the residence to Jaime Medrano, recorded on July 17, 2009 (RJN Ex. 1) is a matter of public record.  The Court accordingly takes judicial notice of Exhibit 1 to Defendant's Request for Judicial Notice.

The Court declines to rule on the remaining items for which judicial notice was requested, as its decision does not rely on those items.

### V.   Legal Standard

Rule 12(b)(6) permits a defendant to seek dismissal of a complaint that "fail[s] to state a claim upon

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07285-JHN -PLAx | Date | March 1, 2011 |
|---|---|---|---|
| Title | Jaime Medrano et al v. Flagstar Bank, FSB et al | | |

which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, courts generally cannot consider material outside the pleadings, with the exception of material attached to the complaint, and judicially noticed materials. *Lee*, 250 F.3d at 688–89. Courts must accept as true all material factual allegations in the pleading and construe them in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004). However, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Courts need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Based on judicial experience and common sense, courts must determine whether a pleading plausibly states a claim for relief. *Id.* at 1950.

**VI.    Discussion**

A.    First Cause of Action: Declaratory Judgment Under 28 U.S.C. Section 2201

Flagstar moves to dismiss Plaintiffs' claim for declaratory relief because the same claim was previously dismissed with prejudice by this Court. (Flagstar Motion at 13.)

Flagstar argues that this Court already dismissed with prejudice Plaintiffs' claim for declaratory relief that Maribel Medrano holds a community property interest in the subject residence. (Flagstar Motion at 13, *citing* 2:10-cv-07285-JHN-PLA, Nov. 3, 2010 Order Granting Defendant's Motion to Dismiss (hereinafter, "Nov.3, 2010 Order") (docket no. 19 at 6)). In granting Flagstar's motion to dismiss the FAC, the Court found that Plaintiffs failed to allege a basis for a declaration that the residence property is held jointly as community property. (Nov. 3, 2010 Order at 6, explaining "it appears that Flagstar had no notice that Maribel Medrano might have an interest in the residence property.")

In their opposition, Plaintiffs argue that the declaratory relief sought by the SAC is different from the claim for relief dismissed with prejudice by the Court's prior order. (Opp'n at 2.) Plaintiffs argue that rather than seeking reformation of the financing documents, they seek to "change record title to property to properly reflect their marital status without fear of invoking the 'due on sale' provisions of a secured instrument executed by either party to the marriage either before or during the course of their marriage." (*Id.*)

Despite Plaintiffs' attempt to distinguish the claim for declaratory relief in the FAC, the Court finds that Plaintiffs persist in seeking a declaration that Maribel Medrano holds a community interest in the property. The SAC clearly states that Plaintiffs seek a "judgment declaring that [Maribel Medrano] has a community property interest in the property which is not subject to any encumbrance which she has not consented to." (SAC ¶ 51.) Plaintiffs further allege in the SAC that "Flagstar and its agents have refused to acknowledge [Maribel Medrano's] interest in the Community Residence and indicated that any attempt to perfect her community interest in the property under California law will constitute a default under the terms and condition of the . . . loan." (*Id.* ¶ 50.)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07285-JHN -PLAx | Date | March 1, 2011 |
|---|---|---|---|
| Title | Jaime Medrano et al v. Flagstar Bank, FSB et al | | |

The Court declines to revisit an issue on which there has been a previous ruling, and for the reasons articulated by the Court in the prior order, the Court **GRANTS** Defendants' motion to dismiss the declaratory relief claim under 28 U.S.C. Section 2201.[4]

B.  Second Cause of Action: Damages Under RESPA

Strategic moves to dismiss Plaintiffs' cause of action under the Real Estate Settlement Procedures Act ("RESPA") because Plaintiffs fail to allege sufficient facts to state a claim for relief. (Strategic Motion at 9–10.)

Plaintiffs allege Defendants violated the Anti-Kickback Provisions of RESPA, pursuant to 12 U.S.C. § 2607(d)(2),[5] by failing to disclose that Exodus received a brokers' fee of $7,558.08 and Protofund received received $4,904.90 in closing costs. (SAC ¶ 53.)   Plaintiffs allege that these fees were not disclosed to Plaintiffs until September 8, 2010, when Strategic first delivered a copy of the HUD Closing Statement in response to Plaintiffs' demands for the $5,000 promised to Jaime at closing.  (*Id.*)

Strategic argues that Plaintiffs fail to state a claim under RESPA because the fees that were allegedly "undisclosed" were not kickbacks or referral fees, but rather payments for services performed. (Strategic Motion at 8–10.)

In the SAC, Plaintiffs fail to allege facts which give rise to a private cause of action under RESPA. RESPA creates a private cause of action for "(1) payment of a kickback and unearned fees for real estate settlement services; (2) requiring a buyer to use a title insurer selected by the seller; and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan." *Patague v. Wells Fargo Bank, N.A.*, No. C 10-03460, 2010 U.S. Dist. LEXIS 124980, at *9 (N.D. Cal. Nov. 8, 2010) (citations omitted); *see also*,12 U.S.C. §§ 2605, 2607, 2608.

Here, Plaintiffs allege that Defendants failed to disclose fees that were paid to Plaintiffs' broker and closing costs that were paid to Plaintiffs' lender.  However, RESPA does not provide a private cause of action for failure to disclose fees.  Although RESPA does provide a private cause of action for the

---

[4] Although Plaintiffs bring this claim for relief under the federal statute for declaratory relief rather than California Code of Civil Procedure Section 1060 cited in the FAC, the Court finds that the underlying claim for declaratory relief is the same and has therefore already been addressed by the November 3, 2010 Order.

[5] Plaintiffs cite to 12 U.S.C. Section 2607(d)(2) as the basis for their claim, but this provision lays out the treble damages penalty that would apply if kickbacks or referral fees were awarded in the course of a real estate settlement service.  The Court notes that Sections 2607 (a) and (b) prohibit the payment of kickbacks or referral fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07285-JHN -PLAx | Date | March 1, 2011 |
|---|---|---|---|
| Title | Jaime Medrano et al v. Flagstar Bank, FSB et al | | |

payment of kickbacks and unearned fees in the course of real estate settlement services, Plaintiffs fail to allege facts to show that the commission paid to Exodus (Plaintiffs' broker) or closing costs paid to Protofund (Plaintiff's lender) were "unearned fees." (Strategic Motion at 10.) Rather, Defendants assert that the fees paid to Exodus and Protofund were compensation for services performed. (*Id.* at 9) The prohibition against kickbacks and unearned fees under RESPA excludes payments for services performed. *See* 12 U.S.C. § 2607(c)(2) (providing "[n]othing in this section shall be construed as prohibiting . . . the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed.")  In opposition, Plaintiffs argue that "there is no authority to support [Strategic's] argument" that the payments were salary compensation. (Opp'n at 8.)  However, it is Plaintiffs' burden to allege sufficient facts to show that the payments to Exodus and Protofund were "kickbacks" or "unearned fees" which they have failed to do. Therefore, Plaintiffs fail to state a claim for relief under RESPA.

Accordingly, the second cause of action alleging violations of RESPA, pursuant to 12 U.S.C. Section 2607, is hereby DISMISSED WITH PREJUDICE.[6]

C.      Remaining State Law Causes of Action

Plaintiffs' only remaining causes of action are allegations of violation of state law: breach of fiduciary duty, fraudulent inducement, and violation of California Civil Code Section 2954.1.  A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3).  The Supreme Court has pointed out that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); *see also, Aranda v. Meyers*, NO. 08-17600, 2010 WL 763952, at *1 (9th. Cir. Mar 08, 2010) (Table) ("The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over any state-law claims after properly dismissing the federal claims"); *Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1169 (9th Cir. 2002) (same).  Furthermore, the "primary responsibility for developing and applying state law rests with the state courts." *Keen v. Am. Home Mortgage Servicing, Inc*., No. S-09-1026 FCD/KJM, 2010 WL 624306, at *1 (E.D. Cal. Feb. 18, 2010).  For these reasons, the Court

---

[6] Recognizing that Plaintiffs have had two opportunities to allege federal causes of action in this case and still fail to state a claim for relief on the causes of action dismissed by this Order, the Court finds that amendment would be futile. *Livid Holdings Lts. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946(9th Cir. 2005)(finding denial of leave to amend improper unless no amendment could save the complaint); *Miller v. Yokohama Yire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)(explaining that the court's discretion to deny leave to amend is decidedly broader where the plaintiff has previously filed an amended complaint).

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07285-JHN -PLAx | Date | March 1, 2011 |
|---|---|---|---|
| Title | Jaime Medrano et al v. Flagstar Bank, FSB et al | | |

declines to exercise supplemental jurisdiction over the remaining state law claims and hereby REMANDS the matter to the Los Angeles Superior Court.

**V.    Conclusion**

For these reasons, the Court GRANTS Defendant Flagstar and Defendant Strategic's Motions to Dismiss (docket nos. 26, 48), and the federal claims are dismissed with prejudice. The case is hereby REMANDED to the Los Angeles Superior Court on the remaining state law claims.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |